IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHELLE J. PALMER and<br>MICHAEL M. CANTRELL,<br>Individually and on behalf of<br>all similarly-situated Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CONVERGYS CORPORATION,<br>and CONVERGYS CUSTOMER<br>MANAGEMENT GROUP INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW MICHELLE J. PALMER and MICHAEL M. CANTRELL, individually and on behalf of all other similarly situated individuals, and file this Complaint for Damages and Injunctive Relief against Defendants CONVERGYS CORPORATION and CONVERGYS CUSTOMER MANAGEMENT GROUP INC. (collectively "Defendants" or "Convergys"), showing this honorable Court as follows:

## PRELIMINARY STATEMENT

1.

Plaintiffs bring this action on their own behalves and on behalf of all similarly

situated Customer Service Representatives and Call Center Workers pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages as a result of performing numerous preparatory pre-shift and post-shift activities "off the clock," as well as for work-related duties performed during short breaks that are integral and indispensable for them to perform their Customer Service duties.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction over this matter as it asserts claims for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

3.

Venue is proper in this Court pursuant to 28 U.S.C § 1391(a) and (c).

## PARTIES

4.

Plaintiff Michelle J. Palmer is a female citizen of the United States residing in Valdosta, Georgia. Ms. Palmer was formerly employed by Defendants as a full-time, non-exempt Customer Service Representative from on or about July 24, 2007 until approximately October, 2008.

5.

Plaintiff Michael M. Cantrell is a male citizen of the United States residing in Valdosta, Georgia. Mr. Cantrell was formerly employed by Defendants as a full-time, non-exempt Customer Service Representative from July 17, 2007 until August 11, 2010.

6.

Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former Convergys Customer Service Representatives/Call Center Workers who consent to representation pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages. Plaintiffs' consent forms to serve as employee representatives are attached as Exhibit "A" to this Complaint and are incorporated herein by reference.

7.

Defendant CONVERGYS CORPORATION (hereafter, "Convergys Corp.") is an Ohio corporation based in Cincinnati, Ohio doing business in this judicial district and division. Convergys Corp. operates call centers throughout the United States including one in Valdosta, Georgia. This Defendant may be served with process by and through its registered agent: CT Corporation System, 1201 Peachtree Street, NW, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

8.

Defendant CONVERGYS CUSTOMER MANAGEMENT GROUP INC. (hereafter, "Convergys Customer Mgmt.") is an Ohio corporation based in Cincinnati, Ohio doing business in this judicial district and division.   This Defendant may be served with process by and through its registered agent: CT Corporation System, 1201 Peachtree Street, NW, Atlanta, Fulton County, Georgia 30361.   This Court has personal jurisdiction over this Defendant.

9.

Defendants are each an "employer" as that term is defined by 29 U.S.C. § 203(d).

10.

For each of the last three (3) calendar years, Defendants have each had gross operating revenues in excess of $500,000.

11.

Defendants are each an "enterprise" as that term is defined by 29 U.S.C. § 203(r).

12.

Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendants have had employees engaged in commerce or in the production of goods

- 4 -

for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

At all relevant times, Plaintiffs (and all other similarly situated current and former Convergys Customer Service Representatives/Call Center Workers) were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

14.

Plaintiffs (and all other similarly situated current and former Convergys Customer Service Representatives/Call Center Workers) were/are non-exempt, hourly employees who worked/work in Convergys call center located at 3947 N. Oak Street Ext., Valdosta, Georgia.

15.

Convergys' Customer Service Representatives/Call Center Workers provide customer service and support to subscribers of DirecTV, one of Convergys' clients. Their duties include taking incoming calls and assisting DirecTV's subscribers who wish to start, add, change or disconnect service; helping callers with billing questions; assisting customers with technical problems related to their DirecTV equipment; and

selling DirecTV equipment, services, programming packages and upgrades. At any given time, Convergys employs many telephone-dedicated Customer Service Representatives in its Valdosta Call Center. On information and belief, Convergys has employed many hundreds of Customer Service Representatives at its Valdosta Call Center within the last three (3) calendar years.

16.

Convergys tracks (or at least has the ability to track) the hours its Customer Service Representatives/Call Center Workers' work by requiring each to scan his/her Convergys-issued ID card at various entrances throughout its Valdosta facility, including at the entrance to the Call Center itself, where its Customer Service Representatives/Call Center Workers perform their job duties.

17.

Notwithstanding Convergys' ability to do so, Convergys did not pay Plaintiffs according to the time they actually work for Convergys; instead, they were only paid based on the time they are logged into Convergys' "TKS software. Convergys records the time its Customer Service Representative employees are logged into TKS, which stands for "Time Keeping System," but does not pay them for working time when they are not logged into the TKS software.

18.

Customer Service Representatives work at workstations that include a desk, a chair, a computer, a monitor, keyboard and telephone equipment, including a telephone headset. Customer Service Representatives do not get paid until they locate an unoccupied workstation, find a working telephone headset, prepare for calls, and log-in to the TKS software application. This means Convergys' Customer Service Representatives spend time searching and/or waiting for an available work station and available equipment to perform their jobs without getting paid.

19.

Convergys' Customer Service Representatives are required to perform various tasks prior to signing on and off its TKS software. These tasks include, but are not limited to the following: locating a work station, which are available to Customer Service Representatives on a first-come, first-served basis; locating a workstation with a functioning computer, monitor and keyboard; locating a workstation with a functional chair and telephone; locating a functional telephone headset (which they use to field telephone calls); turning on computers, waiting for the operating system to launch and then logging into various computer software applications, including TKS (Time Keeping Software), Rio (DirecTV account management software), OMS (Order Management System), QuickCom Chat Software, among others; and setting

up/configuring the computer and necessary software applications in order to receive customer calls. In situations where the Convergys computer or equipment does not function properly, the Customer Service Representative must locate another available workstation and begin the set-up process anew. On occasion, there are times when Convergys does not have functional equipment for its Customer Service Representatives to use, who must then wait for available equipment to perform their job duties. Convergys does not compensate them for any of this time, all of which constitutes compensable work time, and which can sometimes about to many minutes per day, often resulting in Plaintiffs working uncompensated overtime hours.

20.

Convergys requires its Customer Service Representatives/Call Center Workers to log-out of TKS for two (2) ten minute breaks (during an eight (8) hour shift), for which they are compensated. Convergys also requires its Customer Service Representatives/Call Center Workers to log-out of TKS for a 30-minute meal break for which employees are compensated. However, for each of these breaks, Customer Service Representatives/Call Center Workers must completely log-into a "break" on the TKS software so that other individuals may use their workstations when not in active use. Occasionally, Customer Service Representatives/Call Center Worker would have to locate new workstations and functional equipment upon returning from

their breaks, resulting in additional uncompensated work time.

21.

At the conclusion of each shift, Customer Service Representatives/Call Center Workers are required to log-off each software application and their computers. They must then complete required paperwork, read company e-mails/notices and check their schedules on the Convergys website portal to see whether Convergys has made any last-minute scheduling changes to their shifts when there was no time available to do so during the scheduled shift.

22.

These activities are principal activities or are incidental and/or integral to the Customer Service Representatives' principal activities for which they are not compensated.

23.

Convergys instructs its Customer Service Representatives and Call Center Workers to log-in to its TKS software no earlier than two (2) minutes prior to the beginning of each shift, and to log-out not more than one (1) minute after the conclusion of each shift (unless they are on a customer service call which lasts beyond the natural conclusion of the shift). Failure to comply with these rules can result in discipline and/or a poor performance evaluation by Convergys.

24.

Convergys is aware of the time its employees spend working "off the clock" before and after their assigned phone shifts, however, Convergys refuses to pay its Customer Service Representatives/Call Center Workers for such time.

25.

The "off the clock" work performed by Plaintiffs prior to, during, and after logging in and out of TKS for their assigned phone-shift is substantial and for the significant benefit of Convergys, necessary to the business of Convergys, and was conducted in the normal course of Convergys' business.

26.

Convergys expects its Customer Service Representative employees to arrive sufficiently early to work prior to the start of their shift and prior to logging into TKS in order to prepare to answer calls during their assigned shift.  These employees are also expected to stay after their assigned shifts, and after logging out of TKS to conclude their work for the day.

27.

Convergys has both a company-wide and nation-wide policy of requiring its Customer Service Representatives to work "off the clock" for a period of time each day, often resulting in these employees working without being compensated, including

working overtime hours without being paid overtime wages.

28.

Convergys' Customer Service Representative/Call Center Workers who fail or refuse to perform "off the clock" work are subject to discipline up to and including termination.

29.

Convergys has willfully failed and refused to properly compensate its Customer Service Representatives/Call Center Workers for all time worked, including for overtime hours worked.  Convergys has been sued numerous times in federal district courts all over the Country regarding its pay practices at its numerous call centers at different locations throughout the Country, including at least once by the U.S. Department of Labor, for engaging in virtually identical illegal pay practices for failing to pay its Call Center Workers for all hours worked.

30.

The facts and claims asserted in this civil action are virtually identical to those previously asserted in numerous other civil actions brought across the United States during the last eight (8) years in *Dye et al. v. Convergys Corp.*, CV-02-1433 (S.D.Fla. 2002); *Clarke et al. v. Convergys Customer Management Group, Inc.*, 4:04-CV-03972 (S.D.Tex. 2004); *Gipson et al. v. Convergys Customer Management Group, Inc.*, 4:05-

CV-03554 (S.D.Tex. 2005); *Chao v. Convergys Corp.*, CV-06-578-PHX-EHC (D.Ariz. 2006); and *Carvin et al. v. Convergys Corp.*, 3:08-CV-00260 (M.D.Tenn. 2008).

31.

The above-described conduct constitutes a willful violation of the FLSA entitling Plaintiffs (and all other similarly situated current and former Convergys Customer Service Representatives) to a three (3) year statute of limitation and an award of liquidated damages. Convergys is aware of its responsibility to accurately track hours worked by its Call Center Customer Service Representatives and to pay them for all hours worked, but fails to do so, and pays them only for the time they are logged-in to Convergys' TKS software.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32.

Plaintiffs restate the allegations contained in paragraphs 1 – 31 as if fully set forth herein.

33.

Plaintiffs are Customer Service Representatives/Call Center Workers formerly employed by Convergys.

34.

At all times relative to this civil action and throughout the duration of their employment by Convergys, Plaintiffs were covered by the protections afforded them by the FLSA, 29 U.S.C. § 207(a).  Stated another way, at no time during their respective employments with Convergys were Plaintiffs exempt from the payment of overtime wages.

35.

As it relates to Plaintiffs, Convergys cannot meet or satisfy the requirements for any of the exemptions from application of the wage or overtime compensation requirements of the FLSA, Sections 207, 213 or 214.

36.

During their employment with Convergys, Plaintiffs were non-exempt, hourly Customer Service Representatives/Call Center Workers.

37.

During their respective employments with Convergys, at times Plaintiffs worked more than 40 hours per workweek, but Convergys failed to pay them for all overtime hours worked.

38.

Convergys knew that the FLSA applied to Plaintiffs as non-exempt, hourly

employees, and that it had a statutory duty not only to keep accurate records of

Plaintiffs' hours worked, but to pay them overtime wages for all hours they worked

over 40 in a given workweek.

39.

Convergys has uniformly and unlawfully failed to adequately compensate

Plaintiffs for hours they worked in excess of forty hours per workweek, at the rates

required by law, and has willfully refused to do so, including consciously disregarding

a federal consent judgment and decree with the U.S. Secretary of Labor which

provides:

> [Convergys] will not, contrary to Section 7 of the [FLSA], employ any of
> its employees at its call-center facilities in the United States, who are
> engaged in commerce or in an enterprise engaged in commerce or in the
> production of goods for commerce, as defined by the [FLSA], for a
> workweek longer than forty (40) hours unless the employee receives
> compensation for his or her employment in excess of forty (40) hours at a
> rate not less than one and one-half times the regular rate at which the
> employee is employed, unless exempt;

(Ex. B, *Elaine L. Chao v. Convergys Corp.*, U.S. District Court, District of Arizona,

Civil Action No. 2:08-CV-00578-EHC, Doc. 5, Par. 3 (March 6, 2006)).

40.

Convergys' conscious disregard of the FLSA's overtime provisions, including its conduct of disregarding the terms of the afore-mentioned Consent Judgment and Decree by failing to pay its Valdosta Call Center Customer Service Representatives overtime wages for overtime hours worked constitutes a willful violation the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including a three (3) year statute of limitations and an award of liquidated damages.

41.

Convergys is liable to Plaintiffs (along with all similarly situated Customer Service Representatives/Call Center Workers) for compensation for all hours worked, as well as those hours worked in excess of 40 hours per workweek at the rate of at least one and one-half times his/her regular rate of pay.

42.

The above-described violation(s) gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three (3) years immediately preceding the filing of Plaintiffs' Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiffs pray as follows:

a.     for an order permitting this matter to proceed as a collective action as authorized by 29 U.S.C. § 216(b).

b.     that the Court enjoin Convergys from engaging in unlawful pay practices in the future which violate FLSA;

c.     that the Court award Plaintiffs all unpaid compensation including without limitation, all unpaid overtime wages;

d.     that the Court award Plaintiffs liquidated damages for Defendant's willful violation of the FLSA;

e.     that the Court award Plaintiffs their reasonable attorney's fees, expert witness fees, and costs of litigation; and

f.     all other relief this Court deems proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL JURY ISSUES**

Respectfully submitted,

/s/ Dean R. Fuchs
Dean R. Fuchs
drf@swtlaw.com
Georgia Bar No. 279170

/s/ Matthew P. Shaw
Matthew P. Shaw
mps@swtlaw.com
Georgia Bar No. 101257
Counsel for Plaintiffs

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile