# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

MICHELLE J. PALMER and :
MICHAEL E. CANTRELL, :
 :
    Plaintiffs, :
 : Civil Action No.
v. : 7:10-CV-145 (HL)
 :
CONVERGYS CORPORATION, and :
CONVERGYS CUSTOMER :
MANAGEMENT GROUP, INC. :
 :
    Defendants. :
_____ :

## ORDER

During a telephone conference on March 14, 2011, the parties in this case brought to the Court's attention a discovery dispute regarding interrogatories and requests for production of documents served on the Defendants by the Plaintiffs. The discovery requests sought the names and contact information for individuals employed by the Defendants as customer service representatives at the Defendants' Valdosta call center from December 9, 2007 to the present. At the Court's request, the parties submitted letter briefs arguing whether the information is discoverable in this case, a proposed collective action brought pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Court has reviewed the relevant case law and the arguments put forth by the parties. For the following reasons, some, but not all, the information the Plaintiffs request is subject to discovery.

## I. BACKGROUND

The Plaintiffs' complaint alleges that the Defendants denied the Plaintiffs overtime pay for off-the-clock work. They ask to recover all unpaid overtime wages.

According to the Plaintiffs, the purpose of their discovery requests are to discover the identities of customer service representative similarly situated to the Plaintiffs and to discover the identities of potential witnesses. The Defendants object to these discovery requests, contending that they are vague, overbroad, irrelevant, and premature. Defendants offered to provide the Plaintiffs the names and contact information of agents who worked for the same supervisors as Plaintiffs during the same period as the Plaintiffs, but the Plaintiffs declined asserting that they were entitled to receive the contact information for all the agents who worked at the Valdosta location.

## II. DISCUSSION

The issue in this discovery dispute is whether the information the Plaintiffs seek is discoverable before this case has been conditionally certified as a collective action.

The FLSA's collective action provision allows employees to bring claims on behalf of themselves and other employees who are similarly situated. 29 U.S.C. § 216(b). Unlike a traditional Rule 23 class action, in which persons within the class definition must affirmatively opt-out of the class to avoid being bound by the judgment, similarly situated employees who want to become parties to an FLSA

collective action are required to opt-in by filing written consent with the court. 29 U.S.C. § 216(b); Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir.2001).

The decision whether to certify a collective action is within the discretion of the district court. Anderson v. Cagle's Inc., 488 F.3d 945, 951 (11th Cir.2007). In deciding whether to certify a collective action, the Eleventh Circuit has suggested that district courts employ a two-tiered approach. Hipp, 252 F.3d at 1219. The Eleventh Circuit in Hipp described this approach:

> The first determination is made at the so-called 'notice stage .' At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

Id. at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir.1995)).

This dispute requires the Court to balance conflicting concerns in collective action FLSA cases. One concern is that in order to obtain conditional certification, a plaintiff must show that there are other employees of the defendant employer who desire or might desire to opt-in to the action and who are similarly situated to the plaintiff. Dybach v. Florida Dep. of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). The conditional certification standard set forth in Hipp is difficult to reconcile with Dybach. Hipp requires that initial certification should be based on minimal evidence under a fairly lenient standard. Dybach, however, requires that a plaintiff submit evidence that there are actual employees who desire to opt-in and who are similarly situated to the plaintiff. This showing is typically made by affidavits of other employees who wish to opt-in, consent to sue forms filed by other employees, and expert evidence about the existence of other similarly situated employees. Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004). The concern that arises is that the plaintiff may not have access to information to meet the conditional certification standard.

The other conflicting concern is that giving a plaintiff access to information about employees might stir up litigation through unwarranted solicitations or permit counsel to engage in a fishing expedition. D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995). At any stage of a case, "courts, as well as practicing attorneys, have a responsibility to avoid the stirring up of litigation through unwarranted solicitation." Horne v. United States Auto. Ass'n, 279 F. Supp. 2d 1231,

4

1237 (M.D. Ala. 2003).

In addition, some courts have concluded that seeking discovery for the purpose of inviting others to join in the collective action prior to conditional certification does not meet the relevancy standard of Rule 26(b)(1). Rule 26 permits discovery of matters relevant to a party's claim or defense. At most the requested discovery prior to conditional certification "would be relevant to future claims that might (or might not) be brought by other employees of the defendants, but no such individuals are parties to this action at this juncture." Levine v. Gunther, 2010 WL 5140590, at * 3 (S.D. Fla. Dec. 9, 2010) (quoting Knutson v. Blue Cross and Blue Shield of Minn., 254 F.R.D. 553, 558 (D. Minn. 2008)).

The Court recognizes the Plaintiffs' concern that they may be hard pressed to identify similarly situated employees who desire to join the lawsuit if they have no contact with any employees prior to conditional certification. At the same time, the Court equally understands the Defendants' concern that the requested discovery can easily be used for the impermissible purpose of soliciting all the employees to join the lawsuit. Weighing in favor of denying the discovery requests is that the information sought for the purpose of identifying potential opt-in plaintiffs is not relevant to the Plaintiffs' claims that they were not paid overtime wages - the only claims before the Court. Further, the information sought for the purpose of identifying fact witnesses is too broad of a discovery request, though a narrower request limited to groups of individuals at the Valdosta center may be reasonable.

The best solution is to adopt the compromise the Defendants proposed to the Plaintiffs. Plaintiffs can receive the contact information for the employees who worked for the same supervisors as the Plaintiffs during the time that the Plaintiffs worked for the Defendants. The Plaintiffs can speak with these individuals to determine whether they are similarly situated and whether they would like to file affidavits explaining that they desire to opt-in to the lawsuit or file consent to sue notices. This limited discovery will prevent Plaintiffs from conducting unwarranted mass solicitations prior to conditional certification. The limited discovery will also provide the Plaintiffs the names of potential fact witnesses who may have information relevant to their claims. If and when conditional certification occurs, the Court will be more likely to disclose the contact information of all representatives at the Valdosta Center.

The Plaintiffs request that the Court toll the FLSA statute of limitations for all putative opt-in plaintiffs from the date the Defendants' discovery responses were due through the date the Defendants are compelled to disclose the requested information. The Court chooses to delay ruling on this request until such time that the statute of limitations bars an opt-in plaintiff's claim.

**SO ORDERED**, this the 6th day of April, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc