**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| MICHELLE J. PALMER, et al., | : | |
| | : | |
| Plaintiffs, | : | CASE NO. 7:10-cv-00145-HL |
| v. | : | |
| | : | |
| CONVERGYS CORPORATION, et al., | : | **(PROPOSED) SETTLEMENT AGREEMENT AND RELEASE** |
| | : | |
| Defendants. | : | |

This (Proposed) Settlement Agreement and Release (the "Agreement") is made and entered into by and between Michelle Palmer and Michael Cantrell (collectively "Plaintiffs") and Defendants Convergys Corporation and Convergys Customer Management Group Inc. ("Defendants"). Defendants and the Plaintiffs (collectively the "Settling Parties") do hereby agree to do all things necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Defendants of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims by the Plaintiffs; (c) the release and dismissal with prejudice of all claims of failure to pay compensation for work performed by the Plaintiffs; and (d) other valuable monetary and non-monetary consideration as set forth herein.

## I. CONSENT TO COURT SUPERVISION AND APPROVAL

**A.** The Settling Parties shall cooperate with each other to present a joint motion to approve the Agreement.

**B.** The parties and counsel believe that the Agreement is a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation and their likelihood of success on the merits. The

payments to Plaintiffs as stated in this Agreement constitute valid consideration for their return promises, releases, and obligations provided in this Agreement. Plaintiffs acknowledge that, with the payments stated in this Agreement, they have been adequately compensated by Defendants for all unpaid wages, overtime, and any other damages allegedly owed by Defendants and that no other form of compensation or other damage of any kind is owed to them by Defendants. Plaintiffs further acknowledge that they are receiving adequate consideration for their full release of claims in this Agreement and that such consideration, but for this Agreement, is not otherwise owed to them.

**C.** Neither the Plaintiffs, nor their Counsel, shall distribute any press release, make any statements to the press, or hold any press conference concerning this Agreement or its terms. At no time may the Plaintiffs or their Counsel disclose the terms of this Agreement to any non-party to the case, including to any employee or former employee of Convergys, except as required by law (or order of this Court). Plaintiffs' Counsel agree that they shall not: (1) disclose the terms of this Agreement to attorneys outside their firm; (2) use this Agreement (or its terms) in any marketing, seminar, or training materials or other efforts to obtain business; (3) or place anything on their websites, promotional materials, and/or resumes regarding the terms of this Agreement.

## II. SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective upon occurrence of all of the following events:

**A.** Execution of the Agreement by the Settling Parties and their counsel of record.

**B.** Submission of this Agreement to the Court for approval.

**C.** Entry of an Order by the Court granting approval of this Agreement.

**D.** Delivery to Plaintiffs' Counsel of checks payable as, and in amounts as, set forth below (less withholdings required by law):

| | |
|---|---|
| Michael Cantrell | $8,104.32 |
| Michelle Palmer | $4,052.17 |
| Schulten Ward & Turner, LLP | $16,593.61 |

A Form 1099 shall be issued to Plaintiffs' Counsel, whose federal tax I.D. number is 58-1926343, for the above-referenced payment to Schulten Ward & Turner, LLP. A Form W-2 shall be issued to each Plaintiff for their respective payments.

## III. EFFECT OF NONAPPROVAL

In the event that any of the conditions specified in Section II of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## IV. RELEASE BY PLAINTIFFS

**A.** In exchange for the considerations recited in this Agreement, each Plaintiff hereby agrees to dismiss with prejudice this lawsuit and not to refile the same and to forever release, acquit, discharge, and covenant not to sue Convergys Corporation, Convergys Customer Management Group Inc., and all of their past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively, "Convergys") for: (a) the alleged failure to pay for work

performed during Plaintiffs' employment with Convergys; (b) the alleged violation of the FLSA or any state wage and hour law arising from the Plaintiffs' employment with Convergys; and (c) all claims which have been brought against Convergys in *Palmer v. Convergys Corporation*, Case No. 7:10-CV-00145-HL.

**B.** In addition, each Plaintiff hereby agrees to waive all other claims against Convergys, and (unless required to enforce this Agreement) promises not to sue Convergys for any claims arising out of each Plaintiff's respective employment with Convergys. Specifically, and without limiting the generality of the foregoing, each Plaintiff, for themselves and their respective heirs and estates, fully releases Convergys from any and all claims, liabilities, promises, contracts, suits, costs, expenses and attorneys' fees which have been or could have been asserted by him or her or on his or her behalf in any forum for circumstances arising prior to the date of this Agreement. This release includes without limitation any and all claims, including claims of discrimination, retaliation and harassment on the basis of race, color, religion, sex, national origin, handicap, disability, age or ancestry, and claims based on a theory of contract, promissory estoppel, personal injury, defamation, loss of consortium, distress, humiliation, loss of standing and prestige, retaliation, public policy or any other tort. This release specifically includes a release of all claims which could be asserted under any law or court decisions of the state of Georgia or any other state, and any other federal, state, city, or local statute, ordinance, or regulation. This release includes, without limitation, any and all claims, whether legal, equitable, compensatory, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs.

**C.** Each Plaintiff also agrees to request in writing a withdrawal of their respective charges in NLRB Case Nos. 12-CA-077879 and 12-CA-077882. Nothing in this Agreement

prohibits either Plaintiff from participating in any National Labor Relations Board proceeding. However, even if the Board does not accept either or both Plaintiffs' withdrawal(s), each Plaintiff understands and acknowledges that he or she has released any claim for damages or any other recovery against Convergys that may be authorized by the National Labor Relations Act or as part of any Board proceeding, and that the consideration paid to each of them under this Agreement includes any "make whole" relief that may be ordered under the NLRA or pursuant to any Board action.

**V. REPRESENTATION BY COUNSEL**

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed following receiving advice from their respective counsel.

**VI. NO ADMISSION OF LIABILITY**

The Settling Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Settling Parties. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute, and therefore shall not be admissible for any purpose in any other proceeding, except to enforce this Agreement or as may be required for tax purposes.

## VII. ATTORNEYS' FEES, COSTS, AND EXPENSES

The amounts to be paid by Defendants as set forth above fully satisfy any and all claims for attorneys' fees, costs, and expenses, including any related litigation expenses, of the Plaintiffs. Defendants have no responsibility for any other fees, costs, or expenses of the Plaintiffs, each of whom shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement. Defendants shall also bear their own costs and attorneys' fees.

## VIII. AUTHORITY OF COUNSEL

Plaintiffs' Counsel warrants and represents that he is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Counsel for Defendants warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Defendants pursuant to this Agreement in order to effectuate its terms. Plaintiffs' Counsel further warrants and represents that he neither represents, nor is he aware of, any individual who wishes to bring any claim against Convergys based upon essentially the same allegations contained in the Complaint. Plaintiffs' Counsel represents that he has filed a consent form from every individual who has engaged him to file a consent form in this litigation. Plaintiffs warrant and represent that all internet postings about the lawsuit they have made on Craigslist have expired and are no longer viewable by the general public, and that they will not re-post or re-issue the same. Plaintiffs' Counsel also agrees that Defendants can seek to remove any similar internet postings about the lawsuit that Plaintiffs' Counsel may have made.

**IX. MODIFICATION OF AGREEMENT**

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

**X. FURTHER COOPERATION**

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents to seek the necessary Court approval, and to do all things reasonably necessary to consummate the Agreement and settlement as expeditiously as possible.

**XI. CONSTRUCTION AND INTERPRETATION**

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict their terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written memorandum of understanding, or any specific term or condition thereof. Georgia law shall govern the construction and interpretation of this Agreement.

**XII. COUNTERPARTS**

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this

Agreement. All counterparts of any such document together shall constitute one and the same instrument.

**XIII. BINDING EFFECTS**

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present, and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Plaintiffs.

**AGREED AND ACCEPTED BY:**

**For Plaintiffs:**

Dated: ____________________________ ________________________________________
Michelle Palmer

Dated: ____________________________ ________________________________________
Michael Cantrell

Dated: ____________________________ ________________________________________
Dean R. Fuchs
Schulten Ward & Turner, LLP
Counsel for Plaintiffs

By signing this Agreement, Plaintiffs' Counsel and his law firm agree to waive all claims against Convergys for costs, expenses, and attorneys' fees that are not provided for in this Agreement.

**AND**

**For Convergys:**

Dated: ________________________ ______________________________

(Name)

______________________________

(Position)

Dated: ________________________ ___________________________________

Eugene Droder III
Frost Brown Todd LLC
Counsel for Defendants